J-A07012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| H&H MANUFACTURING COMPANY, INC. AND VINCENT H. TOMEI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS R. TOMEI AND JEANETTE M. TOMEI | : | No. 1198 EDA 2018 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES F. FLANDREAU, ESQUIRE, EXECUTOR AD LITEM FOR THE ESTATE OF MARIE L. TOMEI, DECEASED | : | |
| | : | |
| | : | |
| APPEAL OF: ESTATE OF MARIE L. TOMEI, DECEASED | : | |

Appeal from the Judgment Entered on April 20, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2013-05775

BEFORE:   OLSON, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 22, 2019**

Appellant, James F. Flandreau, Esquire, Executor *ad Litem* for the Estate

of Marie L. Tomei, Deceased, appeals from the judgment entered on April 20,

2018.[1]   As is relevant to the current appeal, the judgment was:  in favor of

_____

[1] Appellant purports to appeal from the trial court's order dated April 18, 2018, which ruled upon the defendants' motion for post-trial relief.  **See** Notice of Appeal, 4/23/18.   "Orders denying post-trial motions, however, are not

_____

\*   Former Justice specially assigned to the Superior Court.

Defendants Thomas R. Tomei and Jeanette M. Tomei (hereinafter, collectively, "Defendants") and against Appellant, on all of Appellant's claims against Defendants; and, in favor of Appellant and against Thomas Tomei, on all of Thomas Tomei's counterclaims against Appellant. We affirm.

On June 11, 2013, Plaintiffs, H&H Manufacturing Company and Vincent H. Tomei (hereinafter "Plaintiffs"), instituted the current action by filing a writ of summons. Within Plaintiffs' third amended complaint, Plaintiffs levied 12 claims against Defendants. **See** Plaintiffs' Third Amended Complaint, 5/18/16, at 1-16.

After Defendants answered the original complaint, Appellant was granted permission to intervene in the proceedings; Appellant later filed a complaint against Defendants. **See** Trial Court Order, 7/18/16, at 1; Appellant's Complaint, 8/1/16, at 1-9. Jeanette Tomei answered Appellant's complaint and denied liability; Thomas Tomei answered Appellant's complaint, denied liability, and filed counterclaims against Appellant. **See** Plaintiffs' Answer to Appellant's Complaint, 10/4/16, at ¶¶ 1-48; Jeanette Tomei's Answer and New Matter to Appellant's Complaint, 1/3/17, at 1-13; Thomas Tomei's Answer, New Matter, and Counterclaim to Appellant's Complaint, 1/3/17, at 1-38.

_____

appealable. Rather, it is the subsequent judgment that is the appealable order when a trial has occurred." ***Harvey v. Rouse Chamberlin, Ltd.***, 901 A.2d 523, 524, n.1 (Pa. Super. 2006) (internal citation omitted). Judgment was entered on April 20, 2018. Thus, we treat the appeal as from the entry of judgment and have amended the caption accordingly. **See** Pa.R.A.P. 905(a)(5).

The case proceeded to an eight-day bench trial and, on November 30, 2017, the trial court entered its findings of fact, conclusions of law, and decision in the matter. As is relevant to the current appeal, the trial court found in favor of Defendants and against Appellant, on all of Appellant's claims against Defendants; and, in favor of Appellant and against Thomas Tomei, on all of Thomas Tomei's counterclaims against Appellant. Trial Court Decision, 11/30/17, at 1-3. On April 19, 2018, the trial court denied Appellant's post-trial motion and, on April 20, 2018, judgment was entered on the trial court's decision.

Appellant filed a timely notice of appeal. Appellant's Notice of Appeal, 4/23/18, at 1. In an order dated April 30, 2018 and entered May 22, 2018, the trial court directed that Appellant file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and serve a copy of the concise statement upon the trial court. The order reads:

> AND NOW, this 30th day of April 2018, it is hereby ORDERED AND DECREED that Intervenor, the Estate of Marie Tomei, through her executor ad litem, James Flandreau, Esquire and counsel to the Estate, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, shall file a Concise Statement of Matters Complained of on Appeal no later than twenty-one (21) days after entry of this Order and serve a copy on this Court pursuant to Pa.R.A.P. 1925(b)(1). Any issue not properly included in the Statement, timely filed and served, shall be waived.

Trial Court Order, 5/22/18, at 1 (some emphasis omitted).

The docket states that, in accordance with Pennsylvania Rule of Civil Procedure 236, notice of the Rule 1925(b) order was given to Appellant on May 22, 2018. *See* Docket Entry, at 5/22/18.

The certified record contains no Rule 1925(b) statement, the docket does not reflect that Appellant ever filed a Rule 1925(b) statement, and the trial court stated in its opinion that, although Appellant "sent the [trial] court a copy of" her Rule 1925(b) statement, the Rule 1925(b) statement was "never filed pursuant to the [trial] court's April 30, 2018 order." Trial Court Opinion, 7/10/18, at 5 (some capitalization omitted).

We are constrained to conclude that Appellant's claims on appeal are waived, as Appellant failed to comply with Pennsylvania Rule of Appellate Procedure 1925(b). In relevant part, Rule 1925(b) declares:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

- 4 -

(2) *Time for filing and service*.--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. ...

(3) *Contents of order*.--The judge's order directing the filing and service of a Statement shall specify:

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>
> (ii) that the Statement shall be filed of record;
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);
>
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) Requirements; waiver.

. . .

> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b).

As we have explained:

> In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). Our Supreme Court recently reiterated the bright-line rule established in **Lord**, holding that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised [on appeal]." **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005); **see also Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005) (same). **If an appellant**

- 5 -

**does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement**. Although recognizing that such a strict application of the Rule may be harsh, our Supreme Court stressed that failure to file the Rule 1925(b) statement "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period." [**Schofield**,] 888 A.2d at 774-775.

*In re L.M.*, 923 A.2d 505, 509 (Pa. Super. 2007) (some citations omitted) (emphasis added); *see also Schofield*, 888 A.2d at 771-775 (the Pennsylvania Supreme Court held that the appellant's failure to file her Rule 1925(b) statement resulted in the "automatic waiver of the issues raised" on appeal, even though the trial court received the appellant's Rule 1925(b) statement and addressed the issues in an opinion); *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("it is no longer within [the Superior] Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues").

In the case at bar, the trial court's concise statement order fully complied with Rule 1925(b). It informed Appellant: that she was required to file her concise statement within 21 days; that she was required to serve a copy of the statement on the court pursuant to Rule 1925(b)(1); and, that failure to comply with the order would result in waiver. Trial Court Order, 5/22/18, at 1; *see also* Pa.R.A.P. 1925(b)(3). The concise statement order

was entered on the docket and the docket reflects that notice of the order was sent to Appellant on May 22, 2018. **See** Docket Entry, at 5/22/18.

Appellant, however, failed to file her Rule 1925(b) statement, as required by the trial court's order and Rule 1925(b)(1). This results in the automatic wavier of Appellant's claims on appeal. **Schofield**, 888 A.2d at 774. Moreover, although Appellant apparently "sent the [trial] court a copy of" her Rule 1925(b) statement and the trial court addressed the issues contained in the statement, waiver is nevertheless mandatory under the rule and our Supreme Court's precedent. **Schofield**, 888 A.2d at 774-775; **see also Commonwealth v. Brown**, 161 A.3d 960, 968 (Pa. Super. 2017) ("our review is limited to those facts which are contained in the certified record and what is not contained in the certified record does not exist for purposes of our review") (quotations and citations omitted).

Thus, since Appellant waived all issues on appeal, we affirm the judgment entered in this case.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/19

- 7 -